## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

FILED IN OPEN COURT
DATE: 11/6/07
TIME: 10:33 Am
INITIALS: JPW

INNOVATIVE SOLUTIONS AND
SUPPORT, INC.,

      Plaintiff,

v.

J2, INC., JOSEPH CAESAR, JAMES
ZACHARY, ZACHARY TECHNOLOGIES,
INC., and KOLLSMAN, INC.,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.: 05-2665-JPM/tmp

---

ZACHARY TECHNOLOGIES, INC.,

      Counter-Claimants,

v.

INNOVATIVE SOLUTIONS AND
SUPPORT, INC.,

      Counter-Defendant.

)
)
)
)
)
)
)
)
)
)

## JURY VERDICT FORM

# TABLE OF CONTENTS

## LIABILITY

Question No. 1:   Trade Secret Misappropriation (TUTSA)......................................... 1

Question No. 2:   Trade Secret Misappropriation (TUTSA)......................................... 2

Question No. 3:   Trade Secret Misappropriation (TUTSA)......................................... 3

Question No. 4:   Breach of Non-Disclosure Agreement............................................. 6

Question No. 5:   Breach of Other Contract Provisions.............................................. 6

Question No. 6:   Breach of Contract/ZTI Claim ....................................................... 6

Question No. 7:   Unfair Competition ......................................................................... 7

Question No. 8:   Breach of Statutory Fiduciary Duty/Joseph Caesar....................... 7

Question No. 9:   Breach of Common Law Fiduciary Duty/Duty of Loyalty........................ 7

Question No. 10:  Alter Ego ........................................................................................ 8

## DAMAGE CLAIMS

Question No. 11:  Misappropriated Trade Secrets...................................................... 8

Question No. 12:  Misappropriated Trade Secrets...................................................... 9

Question No. 13:  Misappropriated Trade Secrets...................................................... 9

Question No. 14:  Non-Disclosure Agreement ......................................................... 10

Question No. 15:  Other Contract Provisions .......................................................... 11

Question No. 16:  ZTI Counterclaim for Breach of Contract ................................. 12

Question No. 17:  Unfair Competition ...................................................................... 12

Question No. 18:  Unfair Competition ...................................................................... 13

Question No. 19:  Unfair Competition ...................................................................... 13

Question No. 20:  Statutory Fiduciary Duty ............................................................ 14

**Question No. 21:   Common Law Fiduciary Duty/Duty of Loyalty** ....................................... 14

### EXEMPLARY/PUNITIVE DAMAGES QUESTIONS

**Question No. 22:   Trade Secret Misappropriation** ................................................... 16

**Question No. 23:   Breach of Non-Disclosure Agreement** ........................................ 16

**Question No. 24:   Breach of Contract/Other Provisions** ........................................ 17

**Question No. 25:   Unfair Competition** ..................................................................... 17

**Question No. 26:   Breach of Statutory Fiduciary Duty** ........................................... 17

**Question No. 27:   Breach of Common Law Fiduciary Duty/Duty of Loyalty** ...................... 18

We, the jury find the following special verdict on the following questions submitted to us in relation to the matter of Innovative Solutions and Support, Inc. ("ISS") v. J2, Inc. ("J2"), Joseph Caesar ("Caesar"), James Zachary ("Zachary"), Zachary Technologies, Inc. ("ZTI"), and Kollsman, Inc. ("Kollsman"), and of ZTI v. ISS:

## LIABILITY DETERMINATIONS

### Trade Secret Misappropriation

Question No. 1:        Trade Secret Misappropriation (TUTSA)

Has Innovative Solutions and Support, Inc. ("ISS") proven by a preponderance of the evidence that any of the following items constitute trade secrets under the Tennessee Uniform Trade Secrets Act, Tenn. Code Ann. § 47-25-1701-1709?

**No. 1:** ISS's RADM business plan and the market analysis and forecasting associated with it

Answer:        Yes _____              No ✓

**No. 2:** ISS's Checksum Comments

Answer:        Yes _____              No ✓

**No. 3:** ISS's Checksum Source Code

Answer:        Yes ✓              No _____

**No. 4:** ISS's Checksum Algorithm

Answer:        Yes ✓              No _____

**No. 5:** ISS's Altitude Rate Algorithm

Answer:        Yes ✓              No _____

1

**No. 6:** ISS's Combined Recipe incorporated in the ISS ADDU and AIU Interface

Answer:     Yes  ✓          No ____

**No. 7:** ISS's RS 422 Logical Message Protocol

Answer:     Yes  ✓          No ____

**No. 8:** ISS's Test Values

Answer:     Yes ____          No  ✓

**No. 9:** ISS's Testing and Calibration Procedures relating to Pressure Transducer Stability, i.e., the pressure transducer stability problem and how to solve the problem

Answer:     Yes  ✓          No ____

[A "Yes" answer is in favor of ISS; a "No" answer is in favor of the Defendant.]

Question No. 2:          Trade Secret Misappropriation (TUTSA)

If you answered "No" to all parts of the previous question, skip Question No. 2.

Otherwise, answer the following question.  Has Innovative Solutions and Support, Inc. ("ISS")

proven by a preponderance of the evidence that the following Defendants misappropriated any

alleged trade secrets of ISS under the Tennessee Uniform Trade Secrets Act, Tenn. Code Ann. §

47-25-1702 ("TUTSA"):

| | | |
|---|---|---|
| J2: | Yes  ✓ | No ____ |
| Joseph Caesar: | Yes  ✓ | No ____ |
| James Zachary: | Yes  ✓ | No ____ |
| ZTI | Yes  ✓ | No ____ |
| Kollsman: | Yes  ✓ | No ____ |

[A "Yes" answer is in favor of ISS; a "No" answer is in favor of the Defendant.]

Question No. 3:        Trade Secret Misappropriation (TUTSA)

If you find misappropriation of any alleged trade secret, then which of the following do you find have been misappropriated by which Defendant(s)?

**No. 1:**  ISS's RADM business plan and the market analysis and forecasting associated with it

| | | |
|---|---|---|
| J2: | Yes _____ | No ✓ |
| Joseph Caesar: | Yes _____ | No ✓ |
| James Zachary: | Yes _____ | No ✓ |
| ZTI | Yes _____ | No ✓ |
| Kollsman: | Yes _____ | No ✓ |

**No. 2:**  ISS's Checksum Comments

| | | |
|---|---|---|
| J2: | Yes _____ | No ✓ |
| Joseph Caesar: | Yes _____ | No ✓ |
| James Zachary: | Yes _____ | No ✓ |
| ZTI | Yes _____ | No ✓ |
| Kollsman: | Yes _____ | No ✓ |

**No. 3:**  ISS's Checksum Source Code

| | | |
|---|---|---|
| J2: | Yes ✓ | No _____ |
| Joseph Caesar: | Yes ✓ | No _____ |
| James Zachary: | Yes ✓ | No _____ |
| ZTI | Yes ✓ | No _____ |
| Kollsman: | Yes ✓ | No _____ |

3

**No. 4:** ISS's Checksum Algorithm

J2:                     Yes ✓____          No ____

Joseph Caesar:          Yes ✓____          No ____

James Zachary:          Yes ✓____          No ____

ZTI                     Yes ✓____          No ____

Kollsman:               Yes ✓____          No ____


**No. 5:** ISS's Altitude Rate Algorithm

J2:                     Yes ✓____          No ____

Joseph Caesar:          Yes ✓____          No ____

James Zachary:          Yes ✓____          No ____

ZTI                     Yes ✓____          No ____

Kollsman:               Yes ✓____          No ____


**No. 6:** ISS's Combined Recipe incorporated in the ISS ADDU and AIU Interface

J2:                     Yes ✓____          No ____

Joseph Caesar:          Yes ✓____          No ____

James Zachary:          Yes ✓____          No ____

ZTI                     Yes ✓____          No ____

Kollsman:               Yes ✓____          No ____

4

**No. 7:** ISS's RS 422 Logical Message Protocol

| | | |
|---|---|---|
| J2: | Yes ✓ | No ___ |
| Joseph Caesar: | Yes ✓ | No ___ |
| James Zachary: | Yes ✓ | No ___ |
| ZTI | Yes ✓ | No ___ |
| Kollsman: | Yes ✓ | No ___ |

**No. 8:** ISS's Test Values

| | | |
|---|---|---|
| J2: | Yes ___ | No ✓ |
| Joseph Caesar: | Yes ___ | No ✓ |
| James Zachary: | Yes ___ | No ✓ |
| ZTI | Yes ___ | No ✓ |
| Kollsman: | Yes ___ | No ✓ . |

**No. 9:** ISS's Testing and Calibration Procedures relating to Pressure Transducer Stability, i.e., the pressure transducer stability problem and how to solve the problem

| | | |
|---|---|---|
| J2: | Yes ✓ | No ___ |
| Joseph Caesar: | Yes ✓ | No ___ |
| James Zachary: | Yes ✓ | No ___ |
| ZTI | Yes ✓ | No ___ |
| Kollsman: | Yes ✓ | No ___ |

## Contract Claims

Question No. 4:    <u>Breach of Non-Disclosure Agreement</u>

Has ISS proven by a preponderance of the evidence that the following Defendant(s) breached a non-disclosure agreement with or obligation to ISS?

| | | |
|---|---|---|
| Joseph Caesar: | Yes ✓ | No ____ |
| James Zachary: | Yes ✓ | No ____ |
| ZTI: | Yes ✓ | No ____ |

[A "Yes" answer is in favor of ISS; a "No" answer is in favor of the Defendant]

Question No. 5:    <u>Breach of Other Contract Provisions</u>

Has ISS proven by a preponderance of the evidence that the following Defendant breached its 2002 contract with ISS, (other than the non-disclosure agreement contained within those contracts as noted in Question No. 4 above)?

| | | |
|---|---|---|
| ZTI: | Yes ✓ | No ____ |

[A "Yes" answer is in favor of ISS; a "No" answer is in favor of the Defendant]

Question No. 6:    <u>Breach of Contract/ZTI Claim</u>

Has ZTI proven by a preponderance of the evidence that ISS breached the 2002 contract with ZTI?

Answer:    Yes ____          No ✓

[A "Yes" answer is in favor of ZTI; a "No" answer is in favor of ISS]

## Unfair Competition

Question No. 7:        <u>Unfair Competition</u>

Has ISS proven by a preponderance of the evidence that the following Defendants have

unfairly competed with ISS (separate and apart from any misappropriation under TUTSA)?

| | | |
|---|---|---|
| J2: | Yes ✓ | No ____ |
| Joseph Caesar: | Yes ✓ | No ____ |
| James Zachary: | Yes ✓ | No ____ |
| ZTI: | Yes ✓ | No ____ |

[A "Yes" answer is in favor of ISS; a "No" answer is in favor of the Defendant]


## Breach of Fiduciary Duty/Statutory and Common Law


Question No. 8:        <u>Breach of Statutory Fiduciary Duty/Joseph Caesar</u>

Has ISS proven by a preponderance of the evidence that Joseph Caesar breached a

fiduciary duty in violation of T.C.A. §48-18-403 to ISS?

| | | |
|---|---|---|
| Joseph Caesar: | Yes ✓ | No ____ |

[A "Yes" answer is in favor of ISS; a "No" answer is in favor of the Defendant]


Question No. 9:        <u>Breach of Common Law Fiduciary Duty/Duty of Loyalty</u>

Has ISS proven by a preponderance of the evidence that the following Defendant(s)

breached any fiduciary duties or duties of loyalty to ISS?

| | | |
|---|---|---|
| Joseph Caesar: | Yes ✓ | No ____ |
| James Zachary: | Yes ✓ | No ____ |
| ZTI: | Yes ✓ | No ____ |

[A "Yes" answer is in favor of ISS; a "No" answer is in favor of the Defendant]

### Alter Ego

Question No. 10:    Alter Ego

Has ISS proven by a preponderance of the evidence that ZTI is the alter ego of Zachary?

Answer:      Yes ✓                No ____

[A "Yes" answer is in favor of Innovative Solutions and Support, Inc.; a "No" answer is in favor of ZTI]

### DAMAGE CLAIMS

The following section relates to the amount of damages, if any, ISS and ZTI have proven. You must answer each section separately and independently. Thus, if you return a verdict of damages on one claim, you may return the same or a different amount of damages on any other claim. Damages may have multiple causes. Remember, however, that duplicate damages may not be ultimately awarded against any Defendant. Therefore, clearly indicate as to any damage award whether those same damages have already been awarded against that particular Defendant.

#### MISAPPROPRIATED TRADE SECRETS

Question No. 11:    If you answered "Yes" to Question No. 2 (regarding misappropriation of ISS's alleged trade secrets) what amount of damages, if any, is ISS entitled to as a result of the Defendants' misappropriation of trade secrets?  [If you answered "No" to every Defendant as to Question No. 2, then do not answer this question.]

$ 6,027,357

8

If you have filled in an amount in response to Question No. 11, you need to answer an additional question regarding that amount: Does the amount include numbers for both Lost Profits of ISS and Defendants' Net Profits?

Answer:      Yes  ✓                No ____

If your answer is "Yes" indicate the amount for each category:

Lost Profits of ISS $ 4,417,061

Defendants' Net Profits $ 1,610,296

Question No. 12:      If you answered Question No. 11, do you find that all the Defendants are jointly and severally liable for the damages identified in response to Question No. 11?

Answer:      Yes  ✓                No ____

Question No. 13:      If you answered, "Yes" to Question No. 12, skip this question. If you answered "No" to Question No. 12, then what amounts do you award against each of the following Defendants for misappropriation of trade secrets:

| J2: | $ _____ |
| Joseph Caesar: | $ _____ |
| James Zachary: | $ _____ |
| ZTI: | $ _____ |
| Kollsman: | $ _____ |

9

If damages were awarded in response to Question No. 13 are any of those damages duplicative of the damages, if any, awarded in response to any other verdict question?

Yes:_____

No:_____

If so, state the amount of damages awarded in response to Question No. 13 that are duplicated and the Question and Defendant as to which they are duplicated.

| | | |
|---|---|---|
| $_____ | (Question No. _____ | )J2 |
| $_____ | (Question No. _____ | )Joseph Caesar |
| $_____ | (Question No. _____ | )James Zachary |
| $_____ | (Question No. _____ | )ZTI |

## Contract Claims

### NON-DISCLOSURE AGREEMENT

Question No. 14:     If you answered "Yes" to Question No. 4 (regarding whether or not the Defendants Caesar, Zachary, and ZTI breached non-disclosure agreements with ISS), then what amounts do you award against each of the following Defendants?  [If you answered "No" to every Defendant, then do not answer this question.]

Joseph Caesar:     $ 1,506,839

James Zachary:     $ 1,506,839

ZTI:     $ 1,506,839

If damages were awarded in response to Question No. 14 are any of those damages duplicative of the damages, if any, awarded in response to any other verdict question?

Yes:  ✓

No: _____

If so, state the amount of damages awarded in response to Question No. 14 that are duplicated and the Question and Defendant as to which they are duplicated.

$ 1,506,839 _____ (Question No. 11 _____ )Joseph Caesar
$ 1,506,839 _____ (Question No. 11 _____ )James Zachary
$ 1,506,839 _____ (Question No. 11 _____ )ZTI

## OTHER CONTRACT PROVISIONS

Question No. 15:     If you answered "Yes" to Question No. 5 (regarding whether or not ZTI breached its 2002 contract with ISS), what amount of damages, if any, do you award against ZTI? [If you answered "No" to Question No. 5, then do not answer this question.]

ZTI:          $ 1,506,839 _____

If damages were awarded in response to Question No. 15 are any of those damages duplicative of the damages, if any, awarded in response to any other verdict question?

Yes:  ✓

No: _____

If so, state the amount of damages awarded in response to Question No. 15 that are duplicated and the Question and Defendant as to which they are duplicated.

$ 1,506,839 _____ (Question No. 11 _____ )ZTI

11

### ZTI COUNTERCLAIM FOR BREACH OF CONTRACT

Question No. 16:     If you answered "Yes" to Question No. 6 (regarding whether or not ISS breached the 2002 contract with ZTI), what amount of damages, if any, do you award to ZTI?  [If you answered "No" to Question 6, then do not answer this question.]

$_____

### UNFAIR COMPETITION

Question No. 17:     If you answered, "Yes" to Question No. 7 (regarding whether or not Defendants J2, Caesar, Zachary, and ZTI unfairly competed with ISS), what amount of damages, if any, is ISS entitled to as a result of the Defendants' unfair competition?  [If you answered "No" to every Defendant, then do not answer this question.]

$ _555,849_____

If damages were awarded in response to Question No. 17 are any of those damages duplicative of the damages, if any, awarded in response to any other verdict question?

Yes:_____

No:____✓_____

If so, state the amount of damages awarded in response to Question No. 17 that are duplicated and the Question and Defendant as to which they are duplicated.

| $ | (Question No. | )J2 |
|---|---|---|
| $ | (Question No. | )Joseph Caesar |
| $ | (Question No. | )James Zachary |
| $ | (Question No. | )ZTI |

Question No. 18:    Do you find that the Defendants listed above are jointly and severally liable for the damages identified in response to Question No. 17?

Answer:    Yes  ✓              No ____

Question No. 19:    If you answered, "Yes" to Question No. 18, skip this question.  If you answered "No" to Question No. 18, then what amounts do you award against each of the following Defendants:

J2:              $_____

Joseph Caesar:   $_____

James Zachary:   $_____

ZTI:             $_____

If damages were awarded in response to Question No. 19 are any of those damages duplicative of the damages, if any, awarded in response to any other verdict question?

Yes:_____

No:_____

If so, state the amount of damages awarded in response to Question No. 19 that are duplicated and the Question and Defendant as to which they are duplicated.

$_____  (Question No. _____)J2
$_____  (Question No. _____)Joseph Caesar
$_____  (Question No. _____)James Zachary
$_____  (Question No. _____)ZTI

13

**STATUTORY FIDUCIARY DUTY**

Question No. 20:    If you answered, "Yes" to Question No. 8 (regarding whether or not the Defendant Caesar breached a statutory fiduciary duty to ISS), then what amounts do you award against Joseph Caesar? [If you answered "No" to Question No. 8, then do not answer this question.]

Joseph Caesar:         $ 40,000

If damages were awarded in response to Question No. 20 are any of those damages duplicative of the damages, if any, awarded in response to any other verdict question?

Yes:_____

No:_____ ✓_____

If so, state the amount of damages awarded in response to Question No. 20 that are duplicated and the Question and Defendant as to which they are duplicated.

$_____ (Question No. _____)Joseph Caesar

**COMMON LAW FIDUCIARY DUTY/DUTY OF LOYALTY**

Question No. 21:    If you answered "Yes" to Question No. 9 (regarding whether or not the Defendants Caesar, Zachary, and ZTI breached a duty of loyalty to ISS), then what amounts do you award against each of the following Defendants? [If you answered "No" to every Defendant, then do not answer this question.]

Joseph Caesar:         $ 40,000

James Zachary:         $ 60,000

ZTI:                   $ 60,000

14

If damages were awarded in response to Question No. 21 are any of those damages duplicative of the damages, if any, awarded in response to any other verdict question?

Yes:_____

No:\_\_\_\_\_✓_____

If so, state the amount of damages awarded in response to Question No. 21 that are duplicated and the Question and Defendant as to which they are duplicated.

| $ | (Question No. | )Joseph Caesar |
|---|---|---|
| $ | (Question No. | )James Zachary |
| $ | (Question No. | )ZTI |

## PUNITIVE DAMAGES QUESTIONS

If both liability and damages (either compensatory or nominal damages) have been found with regard to the specific issues raised in the questions set out earlier in this verdict form, then as to each specific finding of both liability and damages you should now answer an additional question as to each previous question as to which you have found liability.

15

## Willful and Malicious Conduct

Question No. 22:     Trade Secret Misappropriation

If you answered "Yes" to Question 2, has ISS proven by clear and convincing evidence

that the following Defendants' conduct was willful and malicious?

| | | |
|---|---|---|
| J2: | Yes ✓ | No _____ |
| Joseph Caesar: | Yes ✓ | No _____ |
| James Zachary: | Yes ✓ | No _____ |
| ZTI | Yes ✓ | No _____ |
| Kollsman: | Yes ✓ | No _____ |

[A "Yes" answer is in favor of ISS; a "No" answer is in favor of the Defendant]


Question No. 23:     Breach of Non-Disclosure Agreement

If you answered "Yes" to Question 4, has ISS proven by clear and convincing evidence

that the following Defendants' conduct was either intentional, reckless, malicious, or fraudulent?

| | | |
|---|---|---|
| Joseph Caesar: | Yes ✓ | No _____ |
| James Zachary: | Yes ✓ | No _____ |
| ZTI | Yes ✓ | No _____ |

[A "Yes" answer is in favor of ISS; a "No" answer is in favor of the Defendant]

16

Question No. 24:     Breach of Contract/Other Provisions

If you answered "Yes" to Question 5, has ISS proven by clear and convincing evidence

that the following Defendant's conduct was either intentional, reckless, malicious, or fraudulent?

ZTI                  Yes  ✓                No ____

[A "Yes" answer is in favor of ISS; a "No" answer is in favor of the Defendant]


Question No. 25:     Unfair Competition

If you answered "Yes" to Question 7, has ISS proven by clear and convincing evidence

that the following Defendants' conduct was either intentional, reckless, malicious, or fraudulent?

J2:                  Yes  ✓                No ____

Joseph Caesar:       Yes  ✓                No ____

James Zachary:       Yes  ✓                No ____

ZTI                  Yes  ✓                No ____

[A "Yes" answer is in favor of ISS; a "No" answer is in favor of the Defendant]


Question No. 26:     Breach of Statutory Fiduciary Duty

If you answered "Yes" to Question 8, has ISS proven by clear and convincing evidence

that the following Defendant's conduct was either intentional, reckless, malicious, or fraudulent?

Joseph Caesar:       Yes  ✓                No ____

[A "Yes" answer is in favor of ISS; a "No" answer is in favor of the Defendant]

17

Question No. 27:   Breach of Common Law Fiduciary Duty/Duty of Loyalty

If you answered "Yes" to Question 9, has ISS proven by clear and convincing evidence

that the following Defendants' conduct was either intentional, reckless, malicious, or fraudulent?

Joseph Caesar:      Yes  ✓              No  ____

James Zachary:      Yes  ✓              No  ____

ZTI                 Yes  ✓              No  ____

[A "Yes" answer is in favor of ISS; a "No" answer is in favor of the Defendant]

Presiding Juror:   _Alton D. Bradford_        Date:   _11-6-07_

After the presiding juror signs, then each juror should also sign, indicating agreement to

each verdict (i.e., each answer) in the verdict form.

18