IN THE UNITED STATES DISTRICT COURT
                    FOR THE WESTERN DISTRICT OF TENNESSEE
                              WESTERN DIVISION

---

| | | |
|---|---|---|
| **INNOVATIVE SOLUTIONS AND SUPPORT, INC.,** | ) ) ) | |
| Plaintiff, | ) ) | No. 05-2665-JPM/tmp |
| v. | ) ) | UNDER SEAL |
| **J2, INC., JOSEPH CAESAR, JAMES ZACHARY, ZACHARY TECHNOLOGIES, INC., and KOLLSMAN, INC.,** | ) ) ) ) | |
| Defendants. | ) ) | |

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST**

---

Pending before the Court is Plaintiff Innovative Solutions and Support, Inc.'s ("ISS") Motion for Prejudgment Interest (Doc. 682), filed December 22, 2007. Defendants James Zachary and Zachary Technologies, Inc. (collectively, "ZTI"); Defendants J2, Inc. and Joseph Caesar (collectively, "J2"); and Defendant Kollsman, Inc. ("Kollsman") all filed their responses (Docs. 691, 693, & 695, respectively), on January 14, 2008. For the following reasons the Court GRANTS ISS's Motion for Prejudgment Interest.

**I. BACKGROUND**

On November 6, 2007, a jury found, <u>inter alia</u>, that ISS proved by a preponderance of the evidence that Kollsman, ZTI, and J2 misappropriated six of ISS's trade secrets: ISS's

1

checksum source code; ISS's checksum algorithm; ISS's altitude rate algorithm; ISS's combined recipe incorporated in the ISS ADDU and AIU interface; ISS's RS 422 logical message protocol; and ISS's testing and calibration procedures relating to pressure transducer stability, i.e., the pressure transducer stability problem and how to solve the problem. (Jury Verdict Form (Doc. 660) 3-5.) The jury also found that ISS proved by a preponderance of the evidence that Joseph Caesar and ZTI breached their non-disclosure agreements; that Zachary Technologies, Inc. breached its 2002 contract with ISS; that J2 and ZTI unfairly competed with ISS; that Joseph Caesar breached his fiduciary duty under Tenn. Code Ann. § 48-18-403 to ISS; that ZTI and Joseph Caesar breached fiduciary duties or duties of loyalty to ISS; and that James Zachary is the alter ego of Zachary Technologies, Inc. (Id. at 6-8.) Finally, the jury found that ISS proved by clear and convincing evidence that Defendants' conduct in committing these common law and statutory violations was intentional, reckless, malicious, or fraudulent. (Id. at 16-18.)

The jury found all the Defendants jointly and severally liable for $6,027,357 in damages caused by the misappropriation of the six trade secrets. (Id. at 8-9.) This amount included ZTI and J2's liability for breach of their contract obligations to ISS. (Id. at 10-11.) The jury awarded ISS $555,849 in

damages as a result of J2 and ZTI's unfair competition. (Id. at 12.)  Finally, the jury found Caesar and ZTI liable to ISS for $80,000 and $120,000, respectively, for breaches of fiduciary duties and duties of loyalty. (Id. at 14.)  Now ISS seeks an award of 6% interest on all compensatory damages.

**II. ANALYSIS**

Tennessee law provides that prejudgment interest "may be awarded by courts or juries in accordance with the principles of equity at any rate not in excess of a maximum effective rate of ten percent (10%) per annum." Tenn. Code Ann. § 47-14-123.  The principle of equity is the foremost guiding consideration for a trial court when exercising its discretion to award or deny prejudgment interest.  Myint v. Allstate Ins. Co., 970 S.W.2d 920, 927 (Tenn. 1998).  Prejudgment interest is awarded, not to punish the wrong-doer, but to compensate the wronged party for the loss of the use of the money it should have received earlier.  Scholz v. S.B. Int'l, Inc., 40 S.W.3d 78, 82 (Tenn. Ct. App. 2000).  "[T]he court must decide whether the award of prejudgment interest is fair, given the particular circumstances of the case."  Myint, 970 S.W.2d at 927.  In Myint, the Tennessee Supreme Court held that "uncertainty of either the existence or amount of an obligation does not mandate a denial of prejudgment interest," shifting the standard to favor awarding prejudgment interest whenever doing so will more fully

compensate plaintiffs for the loss of use of their funds. Id. at 928.

In this case, the jury determined that the Defendants caused ISS to suffer $4,417,061 in lost profits. In addition, the jury found that Defendants enjoyed an additional $1,610,296 in net profits as a result of their trade secrets misappropriation. Finally, the jury concluded that J2 and ZTI were liable to ISS in the amounts of $555,849 for engaging in unfair competition and $200,000 for breaching fiduciary duties. Though all these awards were compensatory, ISS has not demonstrated that any damages besides their lost profits represent the money that ISS would have enjoyed were it not for Defendants' wrongful acts.

J2's argument that ISS failed to enter the ADC market despite having the necessary technology and would not, therefore, have earned these profits in the absence of Defendants' misappropriation ignores the impact of Kollsman's entry into the ADC market and was properly rejected by the jury. Kollsman's assertion that Defendants cannot be jointly and severally liable for prejudgment interest under Tennessee's comparative fault rules is also without merit. See Resolution Trust Corp. v. Block, 924 S.W.2d 354, 356 (Tenn. 1996)("[J]oint and several liability of tortfeasors who act in concert need not be affected by the adoption of comparative fault principles.").

Finally, ZTI's position that ISS's proof did not include evidence of its average earnings is inapposite. ISS's damages expert testified that 6% is a commonly used rate in prejudgment interest calculations, and Tennessee law authorizes the Court to award prejudgment interest at any rate below 10% per annum. (Trial Tr. 2401-03.) Accordingly, the Court AWARDS ISS 6% simple interest on their $4,417,061 in lost profits.

ISS's damages expert estimated the following lost profits: $2,415,410 in 2005; $2,865,557 in 2006; and $1,344,623 in 2007. The jury returned a verdict for exactly two thirds of those requested amounts. Using these reduced profit amounts as the principal for ISS's prejudgment interest through June of 2008, the Court AWARDS $534,670 in prejudgment interest.

## III. CONCLUSION

For the reasons discussed above, the Court GRANTS Plaintiff's Motion for Prejudgment Interest and AWARDS ISS an additional $534,670, pursuant to Tenn. Code Ann. § 47-14-123.

So ORDERED this 25th day of June, 2008.

s/ JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE