```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```
_____

INNOVATIVE SOLUTIONS AND     )
SUPPORT, INC.,               )
                             )
    Plaintiff,               )
                             )
v.                           ) No. 05-CV-2665-JPM-tmp
                             )
J2, INC.; JOSEPH CAESAR;     )
JAMES ZACHARY; ZACHARY       )
TECHNOLOGIES, INC.; and      )
KOLLSMAN, INC.,              )
                             )
    Defendants.              )
_____

## FINAL JUDGMENT
_____

**FINAL JUDGMENT BY COURT.**  WHEREAS all matters and remaining Counts in this action have been resolved, the Court hereby enters Final Judgment in this action as follows:

   1. This action having been resolved by docket number 660 "Jury Verdict," finding for IS&S on trade secret and non patent related claims, and against ZTI on its counterclaim, which Jury Verdict is hereby adopted by the Court and made part of this Final Judgment;

   2. This action having been further resolved by the entry of docket number 762 "Order Granting Plaintiff's Motion for Prejudgment Interest," awarding IS&S $534,670 in prejudgment interest, which Order is hereby adopted by the Court and made part of this Final Judgment;

   3. This action having been further resolved by the entry of docket number 763 "Order Granting in Part and Denying in Part Plaintiff's Motion for Permanent Injunction & Head Start Injunction," enjoining, *inter alia,* defendants from permanently using or disclosing in any manner six identified trade secrets at issue in the case, and for two years from June 30, 2008, the date of the Order, from manufacturing, marketing, developing, selling, qualifying, or certifying by similarity with any governmental entity any air data products that are based on

or derived from the 24471, 49970, or 50042 ADCs, and/or any derivatives thereof, which Order is hereby adopted by the Court and made part of this Final Judgment to the extent not otherwise modified as per any Consent Orders referenced below;

    4. This action having been further resolved by the entry of docket number 764 "Order Granting in Part and Denying in Part Plaintiff's Motion for Exemplary and Punitive Damages," which Order is hereby adopted by the Court and made part of this Final Judgment;

    5. This action having been further resolved by the entry of docket number 765 "Order Granting in Part and Denying in Part IS&S's Motion for Fees," awarding IS&S $4,571,222 in attorneys' fees and denying IS&S's request for experts' fees, which Order is hereby adopted by the Court and made part of this Final Judgment;

    6. This action having been further resolved by the entry of docket numbers 812 and 813 "Consent Order and Permanent Injunction," finally concluding matters between IS&S and Kollsman, Inc., which Consent Order and Permanent Injunction is hereby adopted by the Court and made part of this Final Judgment;

    7. This action having been further resolved by the entry of docket numbers 821 and 822 "Consent Order and Permanent Injunction," finally concluding matters between IS&S, James Zachary, and Zachary Technologies, Inc. ("ZTI"), which Consent Order and Permanent Injunction is hereby adopted by the Court and made part of this Final Judgment;

    8. This action having been further resolved by the entry of docket number 833 "Order Granting Plaintiff's Motion for Voluntary Dismissal of Counts I-III," dismissing Counts I-III of IS&S's Third Amended Complaint, which Order is hereby adopted by the Court and made part of this Final Judgment;

    9. This action having been further resolved by the entry of docket number 836 "Order Granting in Part Plaintiff's Motion to Dismiss J2 and Caesar's Patent Counterclaim for Lack of Jurisdiction," dismissing J2 and Caesar's counterclaims with the exception of their claim for attorney's fees and costs, which Order is hereby adopted by the Court and made part of this Final Judgment;

    10. All remaining parties in this action having come before the Court on Plaintiff IS&S and Defendants Joseph

Caesar and J2, Inc.'s Joint Stipulation of Dismissal of the Counterclaim for Attorney Fees and Costs of Defendants Joseph Caesar and J2, Inc. (Doc. 837),and such Stipulation having been entered by the Court on December 3, 2008,ORDERING Defendants Joseph Caesar and J2, Inc.'s counterclaim for attorneys fees and costs dismissed with prejudice, which Order is hereby adopted by the Court and made part of this Final Judgment;

    11. Based on the verdict of the jury dated November 6, 2007, and the subsequent Orders of the Court dated June 25 and June 30, 2008 as noted above, the Court hereby enters judgment against J2, Inc. and Joseph Caesar for $4,571,222 in attorneys' fees and $534,670 in prejudgment interest (both assessed against all Defendants by the Court) and $6,027,357 in compensatory damages for misappropriation of trade secrets (for which the jury found all of the defendants jointly and severally liable); $1,506,839 against Joseph Caesar for breach of non-disclosure agreement (which the jury found to be duplicative of the damages awarded with respect to misappropriation of trade secrets); $555,849 against J2, Inc. and Joseph Caesar for unfair competition (for which the jury found the ZTI defendants and J2, Inc. and Joseph Caesar jointly and severally liable); $40,000 against Joseph Caesar for breach of statutory fiduciary duty;  $40,000 against Joseph Caesar for breach of common law fiduciary duty/duty of loyalty.

    All remaining Counts and Counterclaims in this action having been finally resolved by the foregoing,

**IT IS THEREFORE FINALLY ORDERED, ADJUDGED, AND DECREED** that, in accordance with the foregoing, all matters having now been finally determined and resolved, and permanent and head start injunctions having been entered, the Court hereby enters Final Judgment in this action with respect to all parties in accordance with the foregoing and retains jurisdiction over disputes arising out of this Final Judgment and all settlement agreements and Consent Permanent Injunctions entered in this case.

APPROVED:

s/ JON PHIPPS McCALLA
UNITED STATES DISTRICT COURT

December 19, 2008
Date

4